IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LAWTON WATKINS, | Case No. 1:10-cv-02290 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 8) |
| B. MURRELLS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's amended complaint filed December 23, 2010.[1]

I.  **SCREENING**

   A.  **Screening Requirement**

The Court is required to screen a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff filed his original complaint and initiated this action on December 9, 2010. (Doc. 1.) Before the Court had the opportunity to screen the complaint in accordance with 28 U.S.C. § 1915A, Plaintiff filed an amended complaint on December 23, 2010. (Doc. 8.) Because Plaintiff may amend his pleadings as a matter of right before service of a responsive pleading, see Fed. R. Civ. P. 15(a), the Court will disregard the original complaint and will evaluate the amended complaint for screening purposes.

1

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2

>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE AMENDED COMPLAINT

Plaintiff identifies Correctional Officers Ojeda, Murrells, Vendenoffs, and Rivas as defendants to this action. Plaintiff alleges as follows:

>   Due to the nature of a senior officer being present and the conversation stated, the matter should've been handled differently / the controling [sic] officer's [sic] were compelled to act out of character due to the nature of their controling [sic] officer acting out of accordance with the institutional title 15 / once again this is a reception [center] and will stay as such your officer's [sic] actions are deemed level four maineline [sic] guidelines. Writer will stipulate further for the court that ankle restraints used were'nt [sic] necessary in restraining inmate for the request of a cell change!

In terms of relief, Plaintiff seeks $80,000 in monetary damages. (Am. Compl. at 1-4.)

## III.  DISCUSSION

The allegations in Plaintiff's amended complaint are so vague, to the point of being incoherent, that the Court is unable to determine whether the current action is frivolous or fails to state a claim for relief. After a review of Plaintiff's original complaint, which is far more articulate than the amended complaint, it appears that Plaintiff is attempting to allege (1) an excessive force claim arising from events that occurred on April 22, 2010; (2) a due process claim regarding a false rules violation report; and (3) a retaliation claim in connection with law library access. (See Doc. 1 at 3.) The Court will therefore

provide Plaintiff an opportunity to file a second amended complaint to clearly plead and articulate these claims. See Noll, 809 F.2d at 1448-49 ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

If Plaintiff elects to file a second amended complaint, he is advised of the following legal standards that govern the claims that he is apparently attempting to present. First, Plaintiff must allege in specific terms how each defendant was involved in the deprivation of his federal rights. Unless Plaintiff provides some affirmative link or connection between a defendant's actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983. See Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Second, "[w]hen prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the Court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). Accordingly, to plead a cognizable excessive force claim in this case, Plaintiff must allege facts demonstrating that Defendants applied force "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.

Third, a plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A prisoner may be deprived of a protected liberty interest if a disputed state action imposed conditions of confinement that constitute an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In those circumstances, a prisoner must be

afforded the following procedural protections: (1) written notice of the charges against him; (2) at least 24 hours to prepare his defense; (3) a written statement regarding the evidence upon which the fact finders relied on; (4) the ability to request witnesses; and (5) deemed competent to understand the nature of the charge against him.  See Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974).  Accordingly, to state a cognizable due process claim regarding a false rules violation report, Plaintiff must allege facts demonstrating that (1) the rules violation imposed conditions of confinement that constitute an atypical and significant hardship in relation to the ordinary incidents of prison life; and (2) plaintiff was not afforded adequate procedural protections in connection with his disciplinary hearing.

If, however, the rules violation report resulted in the deprivation of time credits, Plaintiff is advised that his due process claim may be barred under Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny.  In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained unless the plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. at 486-87.  The rule enunciated by the United States Supreme Court in Heck has been extended to prison disciplinary proceedings where good time credits have been forfeited.  See Edwards v. Balisok, 520 U.S. 641, 644-48 (1997).  Therefore, a prisoner's § 1983 action challenging a disciplinary hearing "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

Fourth, under the First Amendment prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose.  Id.; Barnett v. Centoni, 31

F.3d 813, 816 (9th Cir. 1994). Thus, if Plaintiff elects to pursue a First Amendment retaliation claim, he must allege facts satisfying the five elements listed above.

Finally, Plaintiff is informed that he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff is cautioned that once he files a second amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   OTHER MATTERS

In accordance with Plaintiff's original complaint, the Clerk of the Court identified Plaintiff as "Kieth Lawton Watkins." Plaintiff, however, apparently misspelled his name in his complaint. A review of Plaintiff's amended complaint and the Court's own records reveal that Plaintiff's name is actually spelled "Keith Lawton Watkins." Accordingly, the Court will direct the Clerk of the Court to amend the docket to reflect Plaintiff's correctly-spelled name.

## V.   CONCLUSION

In accordance with the above it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action;
4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

/////

5. The Clerk of the Court is directed to amend the docket to reflect Plaintiff's name as "Keith Lawton Watkins."

IT IS SO ORDERED.

Dated:   **January 3, 2011**                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE