IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LAWTON WATKINS,<br><br>         Plaintiff,<br><br>    vs.<br><br>B. MURRELLS, et al.,<br><br>         Defendants.<br>_____ / | Case No. 1:10-cv-02290 JLT (PC)<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE AND DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Docs. 13 & 14) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On January 3, 2011, the Court dismissed the amended complaint with thirty days leave to amend. (Doc. 9.) The thirty day period expired. Thus, on February 14, 2011, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to file a second amended complaint. (Doc. 13.) On March 1, 2011, Plaintiff filed the now pending second amended complaint.[1] (Doc. 14.)

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] The second amended complaint is dated January 4, 2011.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.  Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.  Rule 8(a)**

Complaints are governed by the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

>  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE SECOND AMENDED COMPLAINT

Plaintiff identifies Correctional Officers Murrells and Ojeda as the defendants to this action. Plaintiff alleges the following:

> Sgt. Murrell's [sic] is involved directly as to being a senior in charge and acting as to a situation that was harsh and unusual dealing with a[n] inmate who's situated. Mr. Ojeda was indirectly involved by not down playing [sic] the situation or as a officer policing his or her area. Correctional Officer R. Rivas assistanced [sic] the rest of the correctional officer team by helping strong arm man handle and disrespect Plaintiff essciolating [sic] a[n] act of cruel and unusual punishment. Correctional officer Vendenoff acted in [] by not disrupting an act of cruel and unusual punishment [sic].

(Doc. 14 at 3.) In terms of relief, Plaintiff seeks monetary damages. (Id.)

## III.   DISCUSSION

The allegations in Plaintiff's second amended complaint are so vague and conclusory that the Court is unable to determine whether this action is frivolous or fails to state a claim for relief. The Court will therefore provide Plaintiff one final opportunity to file a third amended complaint to clearly plead and articulate his claims. See Lopez, 203 F.3d at 1127-28; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

If Plaintiff elects to file a third amended complaint, he is advised of the following legal standards. First, Plaintiff must include all his factual allegations in one pleading. Plaintiff has demonstrated a tendency to file piecemeal complaints that are incoherent unless read in conjunction with Plaintiff's previously filed pleadings. This is improper. Local Rule 220 requires that an amended complaint be "complete in itself without reference to the prior or superceded pleading." Once Plaintiff amends his complaint, his original pleadings are superceded and no longer serve a function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Second, to the extent that Plaintiff is attempting to allege an excessive force claim under the Eighth Amendment, Plaintiff must allege facts showing that prison officials applied force "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the Court may consider in determining whether prison officials have applied force in a malicious and sadistic manner include: (1) the extent of the injury to the prisoner; (2) the need for force by the prison officials; (3) the relationship between the need and the amount of force used; (4) the threat as reasonable perceived by the prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Third, Plaintiff must allege in specific terms how each defendant was involved in the use of excessive force against Plaintiff. There can be no liability under 42 U.S.C. § 1983 unless Plaintiff provides some affirmative causal link between a defendant's actions and the claimed constitutional deprivation. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

## IV.   CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. The Court's February 14, 2011 order to show cause (Doc. 13) is **DISCHARGED**;
2. Plaintiff's second amended complaint is **DISMISSED**;
3. Plaintiff is granted thirty (30) days from the date of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint";

| | | |
|---|---|---|
| 1 | 4. | The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and |
| 3 | 5. | Plaintiff is firmly cautioned that failure to comply with this order will result in the dismissal of this action. |

IT IS SO ORDERED.

Dated:   **March 9, 2011**                                            /s/ Jennifer L. Thurston
                                                                          UNITED STATES MAGISTRATE JUDGE