IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LAWTON WATKINS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>B. MURRELLS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-02290 JLT (PC)<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO STATE A CLAIM<br><br>(Doc. 17) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 10, 2011, the Court dismissed Plaintiff's second amended complaint with leave to amend. Now pending before the Court is Plaintiff's third amended complaint filed March 23, 2011.

**I.　　SCREENING REQUIREMENT**

　　　　The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.   THE THIRD AMENDED COMPLAINT**

Plaintiff identifies Correctional Officers Venenoff and Rivas as the defendants to this action. (Doc. 17 at 1.) Plaintiff seeks $55,000 in monetary damages from these defendants based on the following allegations:

> Plaintiff seek's [sic] damage's [sic] as to being cell abstracted and disrespected by the California Department of Correction's [sic] on the month of April due to negliegence [sic] on behalf of C.O. Vendenoff and C.O. R. Rivas - Plaintiff stipulates by means of

2

> the Title 15 that Plaintiff has a right to housing need's [sic] and does not fit the criteria as to being forced at program office to be removed from bottom bunk over six times in one year!  Plaintiff seek's [sic] harassment charges as well as barterring [sic] on more than one count in this complaint.  Plaintiff is neither illiterate or [naive] in this briefe [sic].
>
> Once again Plaintiff seek's [sic] by mean's [sic] of just cause and limitation's [sic] of the court of the Eastern District Magistrate on more than one count of obstruction of justice and by mean's [sic] of authority of institutional unessassary [sic] discipline as to exercising the institution Title 15 of personnal [sic] conduct.
>
> Dealing with the Title 15 unessassary [sic] use of force Plaintiff seek's [sic] personnal [sic] assessment in excessive use of force, in not being combative, as to right of choice in being in my own cell not being combative and just being recieved [sic] at a reception cntr. and being removed up off of a bottom bunk for unjust causes!
>
> Plaintiff stresses to the court as to the point of officer's [sic] retainning [sic] personnal [sic] anomosity [sic] vendictive [sic] behavior on behalf of controling [sic] authority, and rest his claim as to not being illiterate!  Plaintiff exercise cell space with a right to be moved to the administrative office without the excessive use of force or being pepper sprayed of the act of unproper [sic] conduct as to remove Plaintiff from yard with shackles in which is unusal [sic] after being pepper sprayed, and call a jay cat by transporting officers.

(Id. at 6-7.)

### III. DISCUSSION

#### A. Eighth Amendment – Excessive Force

Plaintiff's allegations are vague and disjointed, but it appears that he is attempting to present excessive force claims under the Eighth Amendment against Defendants Venenoff and Rivas.  The core judicial inquiry in determining whether a prison official has used excessive force "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Factors the Court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response.  Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Here, Plaintiff has failed to allege facts demonstrating that Defendants Venenoff and Rivas applied force maliciously and sadistically for the very purpose of causing harm.  In fact, it is entirely unclear as to what force, if any, was used against Plaintiff.  From what the Court is able to *guess*, it appears that Plaintiff complains that pepper spray was used in removing him from his cell.  However,

as to the circumstances surrounding the removal, including which prison official were involved, what force was used, and what injuries, if any, Plaintiff suffered, the third amended complaint is completely silent. Thus, given the dearth in factual matter in the third amended complaint, the Court concludes that Plaintiff fails to state a cognizable excessive force claim against any of the Defendants. See Iqbal, 129 S. Ct. at 1949.

### B. No Leave to Amend

The Court declines to afford Plaintiff the opportunity to file a fourth amended complaint. The Court has in two prior screening orders advised Plaintiff of the legal standards that govern the claims he is apparently attempting to present. Specifically, the Court has advised Plaintiff that (1) he must include all his allegations in one pleading; (2) in order to sufficiency plead an excessive force claim under the Eighth Amendment he must allege facts demonstrating that prison officials applied force maliciously and sadistically; and (3) he must affirmatively link the actions of the named defendants to the alleged constitutional violation. Plaintiff has failed to heed this advice in all three of his attempts at amending his pleadings. Given this history, the Court finds that dismissal without leave to amend is proper. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff of deficiencies in its previous order dismissing the complaint with leave to amend).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is **HEREBY ORDERED** that:

1. This action is **DISMISSED** for Plaintiff's failure to state a cognizable claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 25, 2011**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE